UNITED STATES of America

v.

Frank IACOBONI

No. 01–CR–30025–MAP.

United States District Court, D. Massachusetts.

Oct. 21, 2002.

Andrew Levchuk, United States Attorney's Office, Springfield, MA, for U.S.

Thomas J. Butlers, Butlers, Brazillian & Small, L.L.P., Boston, MA, for Frank Iacoboni.

*MEMORANDUM AND ORDER REGARDING GOVERNMENT'S MOTION FOR RECONSIDERATION OF DENIAL OF PRELIMINARY ORDER OF FORFEITURE*

(Docket No. 87)

PONSOR, District Judge.

On March 26, 2002, the defendant entered guilty pleas to Counts One through Four of the indictment, as well as a plea of guilty to a separate information. On April 17, 2002, the court commenced evidentiary proceedings regarding the appropriate scope of forfeiture in connection with the criminal proceeding.

After a three-day trial, submission of proposed findings of fact and conclusions of law and oral argument, the court on August 13, 2002 issued its Memorandum and Order of Forfeiture (Docket No. 74). On the same day, the court issued its Order Re: Forfeiture stating that $384,245 was "hereby ordered forfeited." On August 21, 2002, judgment entered against Frank Iacoboni in the form of a sentence committing him to the Bureau of Prisons for ten months, to be served concurrently on all counts and imposing a term of three years of supervised release with various conditions. The court also imposed a $30,000 fine, with $15,000 to be due immediately. The judgment also noted the defendant's obligation to forfeit $384,245.00.

On August 27, 2002, the Government filed a Motion for Order of Preliminary Forfeiture (Docket No. 80). Since the court had already issued an order of forfeiture directed at the $384,245.00, this motion was somewhat puzzling. The court interpreted the motion, perhaps mistakenly, to seek a preliminary order of forfeiture directed at the defendant's real estate, which the court had specifically declined to order forfeited in its original order. The Government, of course, recognized that the court's original ruling declined to order forfeiture of the real estate, but appeared in its August 27, 2002 motion to be seeking an order from the court in some way tying up the real estate as an alternative way of recovering the $384,245.00.

Based on this interpretation of the Government's Motion for Order of Preliminary Forfeiture, the court on September 10, 2002 denied it. At the same time, the court allowed the Government's separate Motion for *Lis Pendens* (which was not opposed by the defendant) protecting the Government's claim against the real estate at some future proceeding, if necessary, in the event that the defendant failed to turn over to the Government the full amount of the cash that the court ordered forfeited.

On September 19, 2002, the Government filed a motion for reconsideration of the denial of its Motion for Preliminary Order of Forfeiture.

So there is no confusion, it is the court's position that the order of August 13, 2002 constituted the "preliminary order of forfeiture" referred to in Fed.R.Crim.P. 32.2(b)(2). To the extent that the August 13, 2002 order does not comply with that rule, the Government's Motion for Reconsideration is ALLOWED, but only as to the cash ordered forfeited. It is the court's view that no preliminary order of forfeiture referring to the defendant's real estate is appropriate at this time, and to the extent that the Government seeks an order applying to the real estate, the Motion for Reconsideration is hereby DENIED. Again, it is noteworthy that the Government's potential claim to the real estate, if any, is fully protected by the *lis pendens* that the court has already endorsed.

Moreover, to the extent that a preliminary order is necessary to trigger certain options that the Government may wish to exercise in connection with the forfeiture, then, to the extent that the August 13, 2002 order of forfeiture was insufficient to trigger these options, the Government's Motion for Reconsideration is ALLOWED though (again) only as to the $384,245.00.

To summarize, and at the risk of repetition, it is the court's position that the order of August 13, 2002 constituted the preliminary order of forfeiture specified in the Criminal Rules. Recognizing that this area of the law is somewhat confusing, however, the Motion for Reconsideration is hereby ALLOWED, to the extent necessary, as the preliminary order of forfeiture referred to in Fed.R.Crim.P. 32.2(b)(2), relating to the cash only. Nothing in this order has relevance, at this time, to the defendant's real estate.[1]

It is So Ordered.

---

1. The court's preliminary order regarding even forfeiture of the cash may be academic, in any event, since the Government has agreed to a stay of any actual forfeiture pending resolution of the parties' cross-appeals.